*Decision will be entered under Rule 50.*

BAR B COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 5600.   Promulgated August 14, 1946.

*Roy D. Thatcher, Esq.,* and *Seymour Wells, C. P. A.,* for the petitioner.

*Thomas M. Mather, Esq.,* for the respondent.

#### OPINION.

MURDOCK, *Judge*: The Commissioner determined deficiencies of $13,363.71 and $871.98 in income tax and declared value excess profits tax for the calendar year 1940. The only error assigned is as to his disallowance of a deduction in the amount of $55,532.72. The facts have been stipulated and the stipulation is adopted as the findings of fact.

The petitioner is a corporation. Its return for 1940 was filed with the collector of internal revenue for the district of Utah.

The petitioner owned $81,800 face value of the first mortgage bonds of the Utah Idaho Central Railroad Co. The petitioner's basis for gain or loss on the bonds was $90,297.72.

The properties of the railroad were sold on November 24, 1939, at a receiver's sale. A bondholders' committee, representing practically all of the outstanding first mortgage bonds of the railroad, purchased the properties at that sale at a price of $849,787.50, plus the assumption of certain debts. The order of the District Court confirming the sale provided that it was subject to the granting of permiss

the Interstate Commerce Commission to the purchasers and their assigns to acquire and operate the properties and to issue securities against them and to the payment of the full purchase price. The permission of the Interstate Commerce Commission was granted on June 5, 1940. The purchase price was paid on August 21, 1940, by assumption of the debts mentioned and by giving credit of $.425 per dollar on the first mortgage bonds.

The purchasers transferred the properties on August 21, 1940, to Utah Idaho Central Railroad Corporation for stock and bonds of the latter and the assumption by it of the indebtedness mentioned. That corporation was organized to effectuate the plan of reorganization of the old company approved in the receivership proceedings. The old company and the new corporation were railroad corporations as defined in section 77m of the National Bankruptcy Act as amended.

The petitioner paid $34,765 of the bid price for the properties by crediting that amount on its bonds at $.425 per dollar. This left an uncollected amount of $47,035 due on the bonds and a basis of $55,532.72. The petitioner received stock and bonds of the new corporation having a value of $34,765, equal to the portion of the purchase price of the assets paid by the petitioner. The remainder of its debt became worthless in 1940.

The petitioner reported a long term loss of $55,532.72 on its income tax return for 1940. The loss or bad debt is not disputed. The Commissioner disallowed the deduction and attempts to justify his determination solely because of the provisions of section 112 (b) (9) of the Internal Revenue Code. That section is as follows:

SEC. 112. RECOGNITION OF GAIN OR LOSS.

   (b) EXCHANGES SOLELY IN KIND.—

   (9) LOSS NOT RECOGNIZED ON CERTAIN RAILROAD REORGANIZATIONS.—No loss shall be recognized if property of a railroad corporation, as defined in section 77m of the National Bankruptcy Act, as amended, is transferred, after December 31, 1938, in pursuance of an order of the court having jurisdiction of such corporation—

      (A) in a receivership proceeding, or

      (B) in a proceeding under section 77 of the National Bankruptcy Act, as amended,

to a railroad corporation, as defined in section 77m of the National Bankruptcy Act, as amended, organized or made use of to effectuate a plan of reorganization approved by the court in such proceeding. The term "reorganization", as used in this paragraph, shall not be limited by the definition of such term in subsection (g).

This is one of the exceptions to the general rule of section 112 (a), which provides that the entire amount of gain or loss from "the sale or exchange of property" shall be recognized.

The parties disagree only as to the application of section 112 (b) (9) of the code. It seems obvious that it does not apply here. We are

not concerned with any loss which the petitioner, as one of the purchasers of the property, may have sustained from the transfer of those properties to the new railroad corporation and we do not decide whether section 112 (b) (9) might apply in such a case. The deduction in question is not based upon a transfer by the petitioner of "property of a railroad corporation" to a railroad corporation. The petitioner is not a railroad corporation. Neither the words nor the legislative history of section 112 (b) (9) indicates that it was to apply to a bondholder such as this petitioner. Congress enacted it along with section 113 (a) (20) to help debt-ridden railroads out of receiverships. Their properties had depreciated in value. A deduction for loss would do them no good, but retention of the old basis after a transfer in receivership would help them. S. Rept. No. 1631, 77th Cong. (1942–2 C. B. 504, 544, 588). The provision did not apply to losses of owners on securities issued by railroads and was not interpreted in the Commissioner's regulations as applying to such losses. See Regulations 103, secs. 19.112 (b) (9)–1 and 113 (a) (20)–1. It was to apply to the railroads.

The question presented is only whether the petitioner is to be denied a deduction for a bad debt or a loss on the old company bonds because of section 112 (b) (9). No question of whether any of the other exceptions of section 112 (b) might apply has been determined, pleaded, or argued and no such question is decided.

The parties have stipulated that there will be no deficiencies if the deduction is allowed.

*Decision will be entered for the petitioner.*